AMERICAN ELECTRIC CONSTRUC-
TION COMPANY, a corporation,
Plaintiff,
v.
UNITED STATES of America, War De-
partment and Navy Department,
Defendants.

No. 28325.

United States District Court
N. D. California, S. D.
July 30, 1952.

H. Rowan Gaither, Jr., Augustus Castro, Dyke Brown, Cooley, Crowley & Gaither, San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., Charles Elmer Collett, Reynold H. Colvin, Asst. U. S. Attys., San Francisco, Cal., for defendants.

GOODMAN, District Judge.

This is a petition to review a final determination of the War Contracts Relief Board of the United States Navy Department, denying a claim of the petitioners for the settlement of alleged war contract losses. The government has moved to dismiss on the ground that the petition was not timely filed.

A brief history of the statute in question will serve to point up the merit of the conclusion which the court has reached.

Section 6 of the Act of August 7, 1946, 60 Stat. 902, provided that any claimant, dissatisfied with the decision of a government agency upon a claim for war contract losses, could, within six months, file a petition for relief in any Federal District Court of competent jurisdiction.

By the Act of June 25, 1948, 62 Stat. 869, the Congress revised, codified and enacted into law Title 28 of the United States Code, "Judiciary and Judicial Procedure". The new codification of Title 28 was set forth in Section 1 of the Act of June 25, 1948. Subsequent sections of the Act dealt with certain miscellaneous aspects of judicial procedure not encompassed in Title 28. Among these miscellaneous provisions was Section 37, 62 Stat. 992, which amended Section 6 of the Act of August 7, 1946. This amendment provided that petitions for judicial review of administrative action on claims for war contract losses in excess of $10,000 should be filed in the Court of Claims rather than in a Federal District Court, unless suit had theretofore been brought or was brought in a Federal District Court within 30 days after the "enactment" of the amendatory Act.

The amendatory provision, as has been noted, was part of the Act of June 25, 1948, adopted by Congress and approved by the President on that day. But, the effective date of the Act of June 25, 1948, and all of its provisions, is declared by Section 38 of the Act to be September 1, 1948.

The instant cause was filed within thirty days after the effective date of the Act of June 25, 1948, but not within 30 days after the passage of the Act. In its motion to dismiss, the government contends that the term "enactment of this amendatory act" in Section 37 means the date of its passage and not its effective date. Neither reason nor authority support such a contention.

The amendment to Section 6 states that all suits on claims in excess of $10,000 which have "heretofore been brought" in a Federal district court, may proceed in such court. Inasmuch as a statute cannot speak until its effective date, "heretofore" can only mean prior to September 1, 1948. Having thus dealt with suits brought prior to September 1, 1948, it would be obviously inconsistent

and glaringly illogical to interpret the statute as requiring future suits to be commenced at a time prior to September 1st, the effective date of the Act.

A careful consideration of the language of the statute, its history and what may be gleaned from Congressional purpose makes it clear that the asserted interpretation of the Act is unfair, unjust and obviously contrary to the legislative objective.

The motion to dismiss is denied.